UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MACK MANDRELL LOYDE ]
    Plaintiff, ]
]
v. ] No. 3:14-1754
] Judge Trauger
CORRECTIONS CORPORATION OF ]
AMERICA, et al. ]
    Defendants. ]

# M E M O R A N D U M

Before the Court are defendants' Motion for Summary Judgment (Docket Entry No. 61), plaintiff's Motion to Deny Defendants' Motion for Summary Judgment (Docket Entry No. 80), a Report (Docket Entry No. 113) from the Magistrate Judge recommending that the Motion for Summary Judgment be denied, and defendants' timely Objections (Docket Entry No. 131) to the Report and Recommendation.

The Court is now obliged to conduct a *de novo* review of these pleadings. 28 U.S.C. § 636(b)(1).

On May 5, 2014, the plaintiff was attacked and injured by another inmate at the Metro Davidson County Detention Facility in Nashville. The Corrections Corporation of America operates this facility. Plaintiff brings this action pursuant to 42 U.S.C. § 1983, claiming that the defendants were aware that the attacker was dangerous and posed a threat to his safety and that they failed in their constitutional duty to protect him from such an attack.

1

In the Motion for Summary Judgment, the defendants contend that they are entitled to judgment as a matter of law because (1) the plaintiff failed to fully exhaust his administrative remedies prior to filing this action, and (2) the corporate defendant, Corrections Corporation of America, cannot be held liable on a theory of respondeat superior.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a), Fed. R. Civ. P. A dispute is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Prison Litigation Reform Act (PLRA) provides that no action shall be brought with respect to prison conditions until such administrative remedies as are available are exhausted. 42 U.S.C. § 1997e(a). To satisfy this exhaustion requirement, a prisoner must complete the administrative review process in accordance with the applicable procedural rules, rules that are defined not by the PLRA, but by the prison grievance process itself. Jones v. Bock, 549 U.S. 199, 218 (2007). The exhaustion requirement is mandatory. *Id.* at 549 U.S. 211.

The grievance procedure at the Metro Davidson County Detention Facility is a three-step process. First, a prisoner is required to apply on Form 14-5A for an informal resolution of his grievance. Docket Entry No. 63-1 at pgs. 5-7. If the prisoner is not satisfied with the result, he may then file a formal grievance on Form 14-5B. *Id.* at pgs. 7-9. An adverse ruling on the formal grievance may then be appealed to the facility's Warden, whose decision is final, thus ending the administrative process. *Id.* at pgs. 9-10.

The defendants assert that the plaintiff applied three times for an informal resolution of his grievance but abandoned any further efforts to grieve the assault. Docket Entry No. 63-2. In an

Affidavit (Docket Entry No. 81), the plaintiff acknowledges the filing of three informal resolutions. He goes on to explain that

> "I was then heard on the 1st grievance/informal and given a grievance to take my complaint to the 2nd level. I gave my grievance to correctional counselor Anita Jenkins to turn in and after that, I didn't receive a response. Two more grievances were filed regarding this issue and I spoke with (Assistant Warden) Jerry Wardlow regarding me not receiving a response but, I was brushed off. So, I waited for a response until August, then, I filed a civil rights complaint."

Docket Entry No. 81 at pg. 3.

In the Report and Recommendation, the Magistrate Judge concluded that the question of whether the plaintiff had filed formal grievances created a genuine issue of material fact as to whether the plaintiff had met his burden of exhausting administrative remedies. Given the plaintiff's assertions that he tried to exhaust but that prison officials, by their actions, prevented him from doing so, it cannot be said that the plaintiff failed to exhaust as a matter of law. Therefore, the Magistrate Judge correctly concluded that a genuine issue of material fact exists in this regard.

As for defendants' assertion that the corporate defendant, Corrections Corporation of America, is not liable, the plaintiff has alleged a pervasive and widespread custom of deliberate indifference when it comes to the safety of its inmates. This has created a genuine issue of material fact as well, thus precluding judgment at this time as a matter of law.

## CONCLUSION

The Court finds that, giving the nonmoving party the benefit of every doubt, the defendants have failed to meet their burden of showing that no genuine issue of material fact exists sufficient to enter judgment in their favor as a matter of law. As a consequence, the defendants' Objections are found to have no merit.

The Objections will be overruled. The Magistrate Judge's Report and Recommendation shall be adopted and approved in all regards, and the defendants' Motion for Summary Judgment will be denied.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge